Paull, Appellant, *v.* Paull.

Argued September 28, 1955. Before Stern, C. J., Stearne, Jones, Musmanno and Arnold, JJ.

*James A. Danahey,* with him *J. I. Simon,* and *Robert A. Jarvis,* for appellant.

*Ralph C. Davis,* with him *Charles H. Bode,* for appellees.

Opinion by Mr. Justice Jones, January 3, 1956:

Leo L. Paull, the plaintiff, filed his complaint in equity against his brother, Charles T. Paull, the latter's wife, Anna C. Paull, and the Liberty Ledger Publishing Company, a Pennsylvania corporation. The complaint averred the creation of a partnership between the plaintiff and his brother in 1919 which continued thereafter in various successive business enter-

prises down to 1946. The complaint prayed a dissolution of the partnership, an accounting by Charles T. Paull of the partnership assets and for ancillary relief.

After preliminary objections by the defendants had been overruled and a responsive answer filed, a hearing on the merits was had before the chancellor. The plaintiff offered supporting testimony and documentary evidence which was uncontroverted; the defendants appeared by counsel but offered no testimony. In due course the learned chancellor filed an adjudication with findings of fact and conclusions of law and entered a decree nisi awarding the plaintiff the relief sought. Later, the decree nisi was vacated on a representation by the defendants that, due to a misunderstanding, they had missed their opportunity to file a brief and requests for findings and conclusions. The order vacating the decree directed the plaintiff and the defendants to file requests which was done contemporaneously some time later. The same day, the chancellor filed a supplemental adjudication containing findings of fact and conclusions of law substantially the same as the adjudication originally filed and also entered the same decree nisi to which the defendants thereafter filed exceptions.

Following argument on the exceptions, the court en banc unanimously reversed the decree nisi and dismissed the plaintiff's bill on the ground that he had been guilty of laches. This was error. The learned chancellor had expressly recognized in his adjudication that the presence of laches does not depend upon the fact that a certain definite period of time has elapsed since the cause of action arose and cited *Schireson v. Shafer*, 354 Pa. 458, 463, 47 A. 2d 665; *Stimson v. Stimson*, 346 Pa. 68, 72, 29 A. 2d 679; and *First National Bank of Pittston v. Lytle Coal Company*, 332 Pa. 394,

396, 3 A. 2d 350. Indeed, the chancellor had correctly noted that "Before the chancellor can find that the plaintiff is guilty of laches he must consider whether any of the following tests, when applied, would show prejudice to the defendants" and forthwith categorized the pertinent criteria. The chancellor then concluded on the basis of his findings that "the record is devoid of any prejudice to the defendants, which is a necessary element for the doctrine of laches to be applied" and cited *Randall's Estate,* 341 Pa. 501, 513, 19 A. 2d 272, and *Gribben v. Carpenter,* 323 Pa. 243, 250, 185 A. 712.

The court en banc, without specifying facts sufficient to warrant an application of the doctrine of laches, concluded nonetheless that the plaintiff's suit was so barred. This conclusion was undoubtedly induced by the court's mistaken reliance upon Section 6 of the Act of April 22, 1856, P. L. 532, 12 PS §83, which provides that "No right of entry shall accrue, or action be maintained . . . to enforce, any implied or resulting trust as to realty, but within five years after . . . such equity or trust accrued . . . ." But, the plaintiff's complaint did not declare for an implied or resulting trust of realty. What the bill sought was an accounting of partnership assets. The only prayer with respect to realty was that Charles T. Paull and his wife be restrained from mortgaging, encumbering or conveying the real estate whereof they were the record title owners. And, the only provision in the decree nisi with respect to realty was that the lien on the real estate of Charles T. Paull and his wife (afforded by the *lis pendens*) should continue in effect until the payments ordered by the decree to be made by Charles T. Paull to the plaintiff had been made.

The chancellor found that a partnership in a number of successive business enterprises had endured be-

tween Charles T. and Leo L. Paull from 1919 to 1946. One such business was a confectionary store known as "Canary Cottage". It is undisputed that this business was not closed out and liquidated until 1946 and the instant suit was instituted just a year later. While the court en banc did not pass upon the merit of the chancellor's findings, such findings stand unimpaired in the record now before us. If any of the particular items claimed by the plaintiff were so stale as to work prejudice to Charles T. Paull in defending against them, the chancellor was in position to deal equitably with the defendants, but they failed to offer any testimony.

There has been delay in this case since the litigation was instituted now more than eight years ago. Such delay has been the fault of counsel and not of the court; the docket entries plainly so reveal. It was three years after they were filed before the defendants' preliminary objections to the bill were brought before the court for argument. The court on its part overruled the objections the day they were argued and gave the defendants twenty days to answer on the merits. After trial of the issues, the chancellor handed down his adjudication, findings and conclusions and entered a decree nisi in due course. After the decree was vacated, at the request of defendants' counsel, and both the plaintiff and the defendants were directed to file requests for findings and conclusions, it was a year and a half until such requests were filed. Again, the chancellor acted promptly and filed his supplemental adjudication with findings and conclusions and re-entered the decree nisi the same day counsel filed their requests. Since the final decree was appealed to this court on May 4, 1954, argument of the appeal was continued at two terms by agreement of counsel for a loss of substantially a year's time in the disposition of the appeal.

As already stated, the court below erred, on the basis of the facts before it, in dismissing the plaintiff's bill on the ground of laches. However, a definitive decree cannot now be entered here since the court en banc did not pass upon and confirm the chancellor's findings. In that situation, the most we can do is reverse the decree and remand the record for further review by the court en banc limited, however, to a consideration of the merits of the chancellor's findings so far as they were excepted to by the defendants. After that is done, an appropriate decree should be entered without effect from the Act of 1856, supra.

The decree is reversed at the costs of the appellees and the record remanded for further proceedings not inconsistent with this opinion.