### Esso Standard Oil Company *v.* Taylor (et al., Appellant).

Argued January 6, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*A. DiPasqua,* with him *Melvin E. Caine,* for appellants.

*Richard P. Brown, Jr.,* with him *Ralph Earle, II,* and *Morgan, Lewis & Bockius,* for appellees.

OPINION BY MR. JUSTICE BELL, April 18, 1960:

This is an appeal from an order of the Delaware County Court of Common Pleas (1) making final a Decree Nisi of that Court which granted a variance to the appellees; (2) dismissing appellants' exceptions to the Decree Nisi; and (3) discharging a rule to show cause why said Decree Nisi should not be revoked, why the hearing should not be reconvened, and why intervention by the present appellants should not be allowed.

On August 8, 1958, the appellees* applied to the building inspector of Marple Township for a permit to erect a gasoline service station on their property located at the Northeast corner of Sproul Road and Hilldale Avenue. The building inspector refused the application because this property is located in an *R1* zoning district, where such structure is prohibited by the duly enacted zoning ordinance of Marple Township. On appeal the Marple Township Board of Adjustment conducted hearings, at which many of the property owners in the immediate area of appellees' property appeared

---

* Originally the appellees were Mr. and Mrs. Samuel J. Katz. On November 6, 1959, Esso Standard Oil Company purchased their interest in the property involved in the instant litigation and was subsequently substituted for the Katz.

to oppose the petition,* and after taking testimony, found the following facts:

"(1)   That the ground in question is owned by the petitioners as tenants by the entireties, having purchased the same on or about June 2, 1953.

(2)   That said premises is now zoned R-1, Residential.

(3)   That the petitioners desire to erect a gasoline service station which is contrary to and not permitted by existing ordinances.

(4)   That the lot of ground has a frontage on Sproul Road of 175 feet with a depth of about 200 feet on Hilldale Avenue, which is a private road.

(5)   That there is a property located on said lot which is occupied by tenants and has been so occupied most of the time that the petitioners have held title to the same at a fair and reasonable rental.

(6)   That the entire side of Sproul Road on which petitioners' property is located, from the corner of Hilldale Avenue to the next street, North of Hilldale Avenue, is occupied by two gasoline stations, adjoining each other, and which gasoline stations have been operating for many years under 'non-conforming use.'

(7)   Immediately South of the petitioners' property are located very desirable and expensive private homes for about one-half mile to Lawrence Road, where there is located a funeral home, and continuing South is the Lawrence Park Shopping Center.

(8)   To the rear and also to the North of petitioners' property are many very fine residential properties.

(9)   Immediately across the street from the petitioners' property, on the West side of Sproul Road, is a large strip of ground which is zoned 'Residential.' "

---

* There was in evidence before the Board of Adjustment an exhibit containing the names and addresses of some seventy interested persons.

On December 10, 1958, the Board dismissed appellees' application for a variance, concluding that: "the proposed gasoline station would result in additional traffic problems and dangers resulting therefrom as well as have an adverse effect upon the health and welfare of surrounding property owners, let alone their financial loss;" and that "the petitioners have not shown any hardship or that they will in any way suffer any loss by the refusal of their application for a variance; on the contrary it was admitted by the petitioners' own real estate expert that the erection of a gasoline service station would result in hardship and financial loss to adjoining owners of residential properties."

An appeal was taken by the present appellees to the Court of Common Pleas of Delaware County. No appearance was entered by Marple Township on behalf of its zoning board; the appeal was uncontested. On May 26, 1959, Judge TOAL, before whom the appeal was heard, on February 25, 1959, filed an Opinion and Decree Nisi declaring the zoning ordinance in question unconstitutional as applied to the present property, and ordering the issuance of a use permit to allow the present appellees' property to be used as a gasoline station. The prothonotary was directed to enter the Decree Nisi as a final Decree if no exceptions were filed within twenty days' service of notice of the filing of the Decree Nisi upon the parties or their attorneys of record.

On June 16, 1959, the last day for the filing of exceptions to the Decree Nisi, a petition to intervene was filed naming Arthur Feldman* as a petitioner acting "on his own behalf and on behalf of others." The petition prayed that the Decree Nisi be revoked and the hearing of February 25, 1959, be reconvened, representing (1) that petitioners were interested persons by rea-

---

* His name appears on the interested persons list in evidence before the Board of Adjustment.

son of their ownership of property which would be adversely affected by the Decree Nisi; (2) that petitioners had no notice of the proceedings before the Court of Common Pleas of February 25, 1959, until newspapers published during the week of June 8, 1959, carried articles concerning the filing of the Decree Nisi; (3) that during the hearings before the Zoning Board of Adjustment one of the petitioners had given the attorneys for the present appellee his name and address and asked to be notified of any further action contemplated by the applicant, but had received no such notice; and (4) that petitioners had no notice that the Zoning Board of Adjustment of the Township of Marple would not represent their interests in any proceedings before the Court of Common Pleas. However there was a defect in the petition, in that it failed to comply with one of the technical requirements of Pa. R. C. P. 2328(a) and 1024(c).

We deem it unnecessary to recite the various rules to show cause which were granted by Judge TOAL. It will suffice to say that so far as appellants were concerned the technical defects were corrected before the hearing on the return day of the rules. The Court refused to allow the petitioners, appellants here, to intervene, stating that that was a matter not of right but of discretion of the Court, and that they were guilty of laches.

The petition to intervene was, as we have seen, corrected before the hearing. In *McKay v. Beatty,* 348 Pa. 286, 286-87, 35 A. 2d 264, this Court appropriately declared: "Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. . . ." See also: *O'Connell v. Roefaro,* 391 Pa. 52, 137 A. 2d 325. The petition was in proper form when considered by the Court below and, in the interest of justice, should

not have been ignored by the Court. Furthermore, there was an abuse of discretion on the part of the trial Judge in refusing to permit an amendment to the pleadings. In *Arzinger v. Baughman,* 348 Pa. 84, 34 A. 2d 64, a case involving the application of Pa. R. C. P. 2328 and 2329 to a motion to intervene, this Court found an abuse of discretion in the trial Court's refusal to permit amendment before vacating an earlier order granting leave to intervene for noncompliance with the procedural rule. We said at page 86:

"It is well settled in this Commonwealth that while the right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court, amendments should be allowed with great liberality at any stage of the case, unless, of course, they violate the law or prejudice the rights of the opposing party (Miners Savings Bank v. Naylor, 342 Pa. 273, 20 A. 2d 287); and that this Court is reluctant to foreclose a party because of the failure or neglect of his counsel when obvious injustice will be done (McFadden v. Pennzoil Company, 326 Pa. 277, 191 A. 584). Furthermore, Rule 126, Pa. R. C. P., provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The Court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.' "

The present appellants, as owners of property in the immediate vicinity of the property involved in the present litigation, have the requisite interest and status to become intervenors within Pa. R. C. P. 2327(4).*

---

* "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if . . . (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

See, e.g., *Garner v. Zoning Board of Adjustment,* 388 Pa. 98, 130 A. 2d 148; *Novello v. Zoning Board of Adjustment,* 384 Pa. 294, 121 A. 2d 91. As such, the order from which this appeal is taken must be tested by Pa. R. C. P. 2329.

Rule 2329 provides that intervention may be refused if the interest of the petitioner is already adequately represented, or the petitioner has unduly delayed in making application for intervention, or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Considering all the facts and the uncontested nature of this case at the hearing before the Court of Common Pleas, it is clear that the interests of the present appellants were not adequately represented below. The petition could therefore be denied only if there had been undue delay in the application, or if allowing intervention would unduly prejudice the litigation as more particularly set forth in Rule 2329. It must be remembered that the Board of Adjustment as a quasi-judicial body which passes upon the rights of others, has no standing to appeal from a decision of the Court of Common Pleas entered on an appeal from a decision of the Board of Adjustment. *Lansdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 170 A. 867; *Ward's Appeal,* 289 Pa. 458, 137 A. 2d 630; *Neville Township Auditors Report,* 166 Pa. Superior Ct. 122, 70 A. 2d 379.

In *Schechter v. Zoning Board of Adjustment,* 395 Pa. 310, 320, 149 A. 2d 28, the Court said: "Prior to the entry of a final order dismissing the exceptions, either the township or the property owners could have been permitted to intervene . . . in view of the Board's inability to appeal. Cf. Robinson Township School District v. Houghton, 387 Pa. 236, 240, 128 A. 2d 58." And, as was decided in *Grote Trust,* 390 Pa. 261, 269-270, 135 A. 2d 383: "Laches arises when a defendant's

position or rights are so prejudiced by length of time and inexcusable delay, plus attendant facts and circumstances, that it would be an injustice to permit presently the assertion of a claim against him. Cf. Hammond v. Hopkins, 143 U. S. 224; Barnes and Tucker Co. v. Bird Coal Co., 334 Pa. 324, 5 A. 2d 146; 19 Am. Jur. §§498, 511; 30 C.J.S. §§112, 115, 119; Paull v. Paull, 384 Pa. 2, 119 A. 2d 93; First National Bank of Pittston v. Lytle Coal Co., 332 Pa. 394, 3 A. 2d 350." See also: *Silver v. Korr,* 392 Pa. 26, 139 A. 2d 552. In the present case the trial Judge allowed no testimony to be taken at the hearing on the return day of the said rules to show cause, and hence on the present record the factual matters necessary to support a finding of laches, viz., inexcusable delay by one party and prejudice to the other party as a result of that delay, are totally lacking in the record.

Construing the rules of the Court of Common Pleas liberally, as we must, we are of the opinion that the Order of the lower Court constituted an abuse of discretion.

The Order of the Court below is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Costs to be paid by appellees.