## Johnston v. Shapp

754

*Nathan L. Posner*, for defendants.

WICKERSHAM, J., October 4, 1972.—One of the defendants herein has filed preliminary objections to the amended complaint.[1] The amended complaint carries no verification with it and, as such, is objectionable. Pennsylvania Rule of Civil Procedure 1024 entitled "Verification" provides, in pertinent part, as follows:

"(a) Every pleading containing averments of facts not appearing of record in the action or containing denials shall be verified on oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief . . ."

The failure of the amended complaint to contain a verification is properly raised by preliminary objection. As was said in General Mills, Inc. v. Snavely, 203 Pa. Superior Ct. 162 (1964), at page 167:

"Although the answer, new matter and counterclaim were not drawn with particular nicety, we are impelled to heed the admonition in Pa. R. C. P. No. 126, as follows: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action

---

[1] Defendant Milton J. Shapp by his attorney, Nathan L. Posner, Esq., argued before Judge Richard B. Wickersham at Pretrial Argument Court, September 25, 1972.

or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.' Courts should not be astute in enforcing technicalities to defeat apparently meritorious claims: West Penn Sand & Gravel Co. v. Shippingport Sand Co., 367 Pa. 218, 80 A. 2d 84. The procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered; they are not to be exalted to the status of substantive objectives: Esso Standard Oil Co. v. Taylor, 399 Pa. 324, 159 A. 2d 692. It should be noted that General Mills did not question the propriety of the verification. This defect was first noticed and raised by the court below in its opinion. Under Pa. R. C. P. No. 1032, a party waives all defenses and objections which are not presented either by preliminary objection, answer or reply."

Defendant next attacks the amended complaint alleging that the pleading does not specifically state whether the claim set forth therein is based upon a writing.[2] Rule 1019(h) of Pa. R. C. P. provides as follows:

"(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the

---

[2] Paragraph 3 of the amended complaint reads as follows:

"That at the special interest and request of the defendants, plaintiffs and defendants entered into a contract on or about March 15, 1966, wherein for services rendered and to be rendered to the defendants, plaintiffs were to receive the sum of Thirty Nine Thousand ($39,000.00) Dollars."

Paragraph 4 of the amended complaint reads as follows:

"That at the special interest and request of the defendant, Milton J. Shapp, a further agreement was entered into on or about the 5th day of August 1966, wherein for services rendered and to be rendered to the defendant, Milton J. Shapp, plaintiffs were to receive an additional sum of Forty Thousand ($40,000.00) Dollars."

writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

We considered this same objection in Albaugh v. Stackpole Co., 80 Dauph. 171 (1963), opinion by the late President Judge Walter R. Sohn, at page 172, wherein we said:

". . . The rule cited by the defendant, 1019(h) Pa. R. C. P., has been interpreted by numerous lower courts and various text book writers, as well as the Superior Court of Pennsylvania, to mean that it requires only what it in exact terms states—*if* a claim is based upon a writing, that fact must be pleaded. As set forth in Goodrich-Amram, Vol. 1, 1019(h)-1, page 131:

" 'Plaintiff is *not* required to make any allegation whether his contract is oral or written. If he says nothing, it is automatically an averment that the contract is not written . . .'

"This text in Amram then proceeds to cite numerous lower court decisions and to very clearly show what the proper rule is, as follows:

" 'It is only *if* the claim "is based upon a writing" that any duty is placed upon the plaintiff to make an affirmative statement.'

"The author goes on to discuss the history of this rule, noting in footnote 4, page 131, the specific change in language from the former rule adopted in 1915.

"In Harvey Probber, Inc. v. Kauffman, 181 Pa. Super. Ct. 281, 285 (1956), the Superior Court says:

" '. . . Much is made of the fact that the complaint does not specify whether the alleged contract was written or oral. If the complaint does not so specify,

the inference is that it is oral. See Goodrich-Amram, §1019(h)-1 . . .'

"To the same effect see Anderson Pennsylvania Civil Practice, Vol. 2A, P. 128 and the various cases cited under said text."

The final preliminary objection argues that the amended complaint does not state the two causes of action in separate counts in violation of Pa. R. C. P. 1020, which rule provides, in pertinent part:

"(a) The plaintiff may state in the complaint two or more causes of action triable in the same county which arise from contract or are quasi-contractual. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief."

It is clear that the amended complaint before us is violative of the spirit of rule 1020. According to Goodrich-Amram Civil Practice, Vol. 1, page 138:

"When joinder of several causes of action is permitted, the plaintiff must state them separately in his complaint. Each claim must be presented as a self-sufficient separate 'count,' which must include a statement of the facts relating to the particular claim and the demand for relief which relates to it. Unnecessary duplication can be avoided by incorporating parts of one count into another by reference. It will simplify the pleading if each count is opened with a heading 'First count,' 'Second count,' etc.

"Each count should be followed by its own separate claim for relief."

Keeping in mind, however, the mandate of General Mills, Inc. v. Snavely, supra, and the availability of pretrial discovery proceedings,[3] we will disregard this

[3] Oral depositions of plaintiffs have already been taken in this action by defendants.

error of procedure which does not affect the substantial rights of the parties.

## ORDER

And now, October 4, 1972, the preliminary objection to the amended complaint relating to a lack of a verification to the amended complaint is sustained and plaintiffs are hereby directed to conform to the provisions of Pa. R. C. P. 1024. All further proceedings to stay meanwhile. The remaining preliminary objections are overruled.

