In Re: Application of Peirce Junior College, Appellee, v, Lloyd J. Schumacker, Matthew A. and Carole A. Broderick, W. H. Sterge and Frances H. O'Dell, Appellants.

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

Donald W. Kramer, with him Montgomery, McCracken, Walker & Rhoads, for appellants.

Robert W. Lentz, with him Thomas A. Riley, Jr., John C. Snyder, and Lentz, Riley, Cantor, Kilgore & Massey, Ltd., for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, March 11, 1975:

This is an appeal from an order of the Court of Common Pleas of Chester County denying appellants the right to intervene in a zoning appeal. Appellants (hereinafter referred to as "neighbors") are residents and owners or land adjacent to or near land owned by appellee Peirce Junior College (Peirce).

In 1969, Peirce, a Pennsylvania nonprofit educational institution with its principal office located in Philadelphia, purchased approximately 75 acres of land in Easttown Township for the purpose of establishing a junior college campus. The land in question is located partially in an A.A. Zone and partially in an A.A.A. Zone. Under the

Township Zoning Ordinance, educational uses are permitted in both these residential zones as a conditional use.

Peirce filed an application for a conditional use to permit use of the land for educational purposes as a college campus. Hearings were held before the Township Planning Commission and before the Township's Board of Supervisors in which the neighbors participated. The Supervisors declined to take any action on Peirce's application. Peirce then brought a mandamus action seeking to compel the Supervisors to act. The lower court so ordered and on December 19, 1973, that order was affirmed by this Court in *Larson v. Peirce Junior College,* 11 Pa. Commonwealth Ct. 271, 314 A.2d 572 (1973). In accordance with this Court's order in *Larson,* requiring the Township to approve or disapprove the application within 45 days, the Board of Supervisors acted on Peirce's application and granted the conditional use, imposing several conditions.

Two appeals were filed from this action of the Supervisors. Peirce appealed to the Court of Common Pleas challenging the validity of several of the conditions imposed by the Supervisors in granting the use; the neighbors, seeking to reverse the grant of the use, appealed to the Zoning Hearing Board. Prior to the scheduled hearing in the neighbors' appeal to the Zoning Hearing Board, the neighbors withdrew their appeal to the Board and filed a petition to intervene in Peirce's appeal to the court below.

In their petition to intervene, the neighbors averred, *inter alia:*

"7. The determination of this zoning appeal may adversely affect legally recognized interests of the petitioners.

"8. Petitioners are permitted to intervene in this appeal pursuant to Section 1009 of the Pennsylvania Municipalities Planning Code, as amended, and pursuant to Pa. R.C.P. 2327(4).

"9.  If permitted to intervene in this zoning appeal, the petitioners will urge:

"(a)  That this appeal should be quashed as not being authorized by law because appeals of a landowner from such a decision by the governing body must be taken to the Zoning Hearing Board under the provisions of Section 1006(1) (C) of the Pennsylvania Municipalities Planning Code, as amended, and this Court has no jurisdiction therein.[1]  (A copy of said petition is attached.)

"(b)  If this Court decides to entertain this appeal, that the matter should be remanded by the Court to the Board of Supervisors because adequate opportunity was not provided for petitioners and others similarly situated to present testimony on issues relevant to the determination of the Board and that petitioners' constitutional rights were thereby denied.

"(c)  If this Court decides to entertain this appeal, that the conditional use permit should be denied on the basis of the existing record, or, if not denied, that the conditions imposed by the Board of Supervisors should be sustained, particularly in light of the standards established by the Township Comprehensive Plan and its amended zoning ordinances."

The court below denied the petition to intervene in a decision rendered on August 9, 1974. The sole issue presented in the instant appeal is whether or not the lower court committed an error of law or manifestly abused its discretion in dismissing the neighbors' petition to intervene.

Intervention is governed by Section 1009 of the

---

1.  There may be some merit to the neighbors' contention that the lower court is without jurisdiction in Peirce's appeal, and that jurisdiction would properly lie with the Zoning Hearing Board. This issue is not properly before this Court nor has it been properly presented to or decided by the lower court as yet, and, therefore, we will not discuss it further.

Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805 *added* June 1, 1972, P.L. — (Act No. 93), 53 P.S. §11009. That section provides:

> "Within the thirty days first following the filing of a zoning appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Rules of Civil Procedure."

The neighbors, not being the owners or tenants of the property *directly* involved in the action, must therefore proceed under the Pennsylvania Rules of Civil Procedure.

Pa. R.C.P. No. 2327 determines who may intervene. The neighbors contend that they fall under paragraph (4) of that Rule which provides:

> "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> . . . .
>
> "(4) the determination of such an action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

We need not determine whether a "legally enforceable interest" exists in the context of the appeal presently before the lower court since we hold that the court below did not abuse its discretion in refusing the neighbors' application under Pa. R.C.P. No. 2329. Pa. R.C.P. No. 2329 permits a court to use its discretion and refuse an application for intervention if:

> . . . .
>
> "(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

"(2) the interest of the petitioner is already adequately represented; . . . ."

As stated in paragraph 9 of the neighbors' petition quoted above, the neighbors first seek to quash the appeal. This is clearly not in subordination to nor in recognition of the propriety of the appeal. They next seek a "remand" to the Zoning Hearing Board. This issue also tends to relegate Peirce's appeal to a secondary and subordinate position.

The neighbors' last prayer for relief actually seeks two remedies: (1) that the conditional use be denied, or (2) that the conditions attached by the Supervisors be upheld. The first is insufficient to justify intervention for the same reasons stated above; the second might be a proper basis for intervention if the interest of the neighbors in upholding the conditions was not adequately represented. See Esso Standard Oil Co. v. Taylor, 339 Pa. 324, 159 A. 2d 692 (1960). The court below found, however, that this interest of the neighbors was already adequately represented by the Board of Supervisors. Absent any evidence to the contrary, we will not interfere with the exercise of the lower court's discretion.

The neighbors had the right to appeal to the Zoning Hearing Board in accordance with Section 1007 of the Pennsylvania Municipalities Planning Code, 53 P. S. §11007. The claims they tried to raise in Peirce's appeal should have been pursued before the Zoning Hearing Board.

Affirmed.