## Kranzel v. Zoning Hearing Board

*Robert Y. Yetter*, for Lower Allen Township.
*Richard C. Snelbaker*, contra.

254

WEIDNER, *J.*, July 9, 1975—This case comes before the court on a petition of Lower Allen Township (hereinafter referred to as the "township") to intervene in opposition to a July 23, 1974 decision of the Lower Allen Zoning Hearing Board pursuant to Pa.R.C.P. 2327(4) and on a motion of Morris Kranzel (hereinafter referred to as the "appellant") to quash the appeal by the township from the same decision. A brief review of events leading up to this litigation is in order.

On April 23, 1973, appellant submitted an application to the Lower Allen Zoning Hearing Board (hereinafter referred as as the "hearing board") for a proposed expansion of a nonconforming use pursuant to the township's zoning ordinance. This application was denied. On September 7, 1973, appellant appealed the decision of the hearing board to this court. Subsequently, in an opinion of March 20, 1974, this court reversed the prior denial of the board and remanded the case for further hearings to determine whether granting of the requested variance would cause detriment to the public welfare. The board conducted a rehearing on July 12, 1974. Based upon the findings of this rehearing, the hearing board granted appellant's special exception and variance on July 23, 1974.

On August 20, 1974, the township's solicitor filed a notice of appeal of the hearing board's decision, and also filed a petition pursuant to Pa.R.C.P. 2327(4) for a rule to show cause why the township should not be permitted to intervene in this action. On September 10, 1974, appellant filed a motion to quash the township's appeal. In the meantime, the commissioners passed a resolution dated September 9, 1974, affirming the action of its solicitor in filing the notices of appeal of August 20, 1974.

A hearing on the motion to quash and the petition to intervene was held before this court on March 27, 1974. Argument was heard by the court on April 16, 1974.

The case presents two issues for consideration: (1) Whether a municipality may intervene under Pa.R.C.P. 2327(4) to contest a decision of its zoning hearing board granting a variance and special exception; and (2) whether a municipality may ratify action by its solicitor in taking the appeal subsequent to expiration of the statutory period provided for such appeals.

The township argues it may intervene in the litigation between appellant and the board subsequent to the granting of a special exception and variance to appellant, pursuant to Pa.R.C.P. 2327(4). Appellant contends that any attempted intervention by the township is governed exclusively by section 1009 of the Pennsylvania Municipalities Planning Code (hereinafter cited as "MPC"), Act of June 1, 1972, P.L. 333 (No. 93), 53 P.S. §11009, which purportedly precludes intervention by a municipality after the first 30 days following the filing of a zoning appeal.

Even if section 1009 does permit intervention by a municipality, pursuant to Pa.R.C.P. 2329, the grant of such intervention is clearly discretionary. With respect to the particular circumstances of this case, it is the opinion of this court that, at this late date, the township's petition of intervention should be denied. This denial is based upon paragraphs (2) and (3) of Pa.R.C.P. 2329, respectively. This court has concluded that the interests of the township as petitioner have been fully and adequately represented in the course of this litigation by its own agency, the hearing board. Upon and during the

original appeal of appellant to this court on September 7, 1973, culminating in an order remanding the case to the board for further hearings and determinations, the township's interests were clearly represented and advanced by the board and its counsel. Direct township participation in the court-directed rehearing of July 12, 1974, before the board provided additional municipal input and representation. Such representation of township interests certainly distinguishes the present case from one in which the petitioner failed to receive adequate representation before the court: Esso Standard Oil Company v. Taylor, 399 Pa. 324, 159 A. 2d 692 (1960). If at any time during the course of the extended deliberations, the township was uncertain about, or unsatisfied with, the representation of the board, it was incumbent upon the commissioners to submit a timely petition of intervention pursuant to Pa.R.C.P. 2327.

We further conclude that grant of the township's petition would unduly delay a final resolution of this case, the critical elements of which have been fully reviewed by this court and by the hearing board. A reopening of the case through intervention at least 11 months after appellant's original appeal to this court would be unfair and prejudicial to appellant.

The untimely nature of the township's petition, however, does not foreclose an appeal pursuant to MPC, section 1007. We now turn to this issue.

Assuming the township could appeal the board's July 23, 1974 decision pursuant to section 1007, a central question remains whether the action of the township solicitor constituted a valid appeal. Appellant contends that, inasmuch as the filing of the township's appeal on August 21, 1974, by its so-

licitor was not approved by official action of the board of commissioners, such filing is invalid. The township responds by arguing that the unauthorized act of its solicitor was subsequently ratified, and thus validated by resolution of the commissioners dated September 9, 1974. Appellant contends that any attempted ratification after expiration of the statutory appeal period of 30 days is ineffective. Notwithstanding the dearth of precedent on this particular issue of ratification, we find the argument of appellant to be convincing.

Clearly, a key legislative purpose of the revised MPC is to speed the effective review of zoning appeals. See R. Ryan, Pennsylvania Zoning Law and Practice, §2.2. Moreover, zoning statutes must be rigidly adhered to and strictly followed: Blank v. Board of Adjustment, 390 Pa. 636, 136 A. 2d 695 (1957). Accordingly, statutory appeal periods must be strictly enforced: Kuiper v. Upper Merion Township, 10 D. & C. 2d 20 (Montg., 1956), affirmed, at 390 Pa. 178, 134 A. 2d 916 (1957). Against the backdrop of this statutory design and construction must be placed the practical impact of allowing ratification of an unauthorized filing of appeal after the mandatory 30 day appeal period.

The township contends that a municipal corporation may effectively ratify actions taken by its officers, in this case, its solicitor. In citing City of Trenton v. Fowler-Thorn Co., 57 N. J. Superior 196, 154 A. 2d 369 (1959), affirmed 32 N. J. 256, 160 A. 2d 131 (1960), and analogizing to a ratification of the institution of suit on a contract after the running of the statute of limitations, the township argues that the ratification of its notice of appeal in the present case should be considered valid. We do not agree.

This court, believes City of Trenton v. Fowler-Thorn Co., supra, is distinguishable. Significantly, the court in City of Trenton was dealing with a construction contract upon which there had been both agreement between the parties and substantial performance. The alleged breach clearly involved damages, the loss of which, through dismissal, would have been highly detrimental to the city government as well as the general public. Defendant-contractor, on the other hand, was being placed under no greater burden of liability than that in effect during the term of the contract. This distinction is an important one. As such, any attempted application of this foreign holding to a factual situation controlled primarily by local statutory zoning regulations requires close review.

Primary attention must be given to the Restatement 2d, Agency (1958), as it relates to the facts of the present case. Pennsylvania courts have generally relied upon the authority of the Restatement, §90, which states:

"If an act to be effective in creating a right against another or to deprive him of a right must be performed before a specific time, an affirmance is not effective against the other unless made before such time."

Also relevant are the Reporter's Notes on this section at page 158, Restatement 2d, Agency (1958), Appendix, as follows:

"The bringing of an action by one without authority comes perhaps within the general rule stated, *but unless the statute of limitations runs before affirmance or the defendant is otherwise adversely affected*, a later affirmance constitutes ratification. . . ." (Emphasis supplied.)

Considering the facts and circumstances of the present case, it is our judgment that the rule set forth in section 90 is valid and acts to preclude the ratification of its unauthorized notice of appeal by the township after the running of the statutory 30-day appeal period. The statutory purpose of the mandatory appeal period set forth in MPC, §1007, clearly seeks the timely and effective resolution of zoning litigation. Accordingly, allowing belated ratification of the August 21, 1974, notice of appeal after expiration of the statutory period would frustrate this purpose. Moreover, considering the extended review of the zoning issues in this case both before this court and the hearing board, such allowance would adversely affect the rights of appellant. Pursuant to a policy of strict adherence to zoning statutes, following the expiration of the 30-day period, appellant has a right to enjoy the use of his property without the incumbrance and delay of further litigation. This is particularly true here, where the township, fully apprised of the course of events, could have easily made prior provision through authorizing resolution for the filing of a valid and effective appeal. No reason is given by the township for its failure to ratify within the 30-day appeal period. If no regular meeting of the commissioners was scheduled during this period, certainly a special meeting could have been called. In reaching this conclusion, we have also considered whether the actions of the commissioners have in any way substantially jeopardized the interests of the general public of Lower Allen. Again, considering the prior deliberations before this court and the hearing board in this case, no such substantial prejudices can be identified.

## ORDER

And now, July 9, 1975, based upon the foregoing discussion, the township's petition to intervene in opposition to the July 23, 1974, decision of its zoning hearing board pursuant to Pa.R.C.P. 2327(4) is denied and appellant's motion to quash the township's appeal of said decision of the hearing board pursuant to MPC, §1007, is granted.