## Clarksburg Coal Co. v. Fayette County Zoning Hearing Board

*Richard E. Bower,* for petitioners.
*Robert D. Douglass,* for respondent.

FRANKS, *J.,* February 22, 1985—This matter is before the court on a "Petition of Citizens to Protect Our Community and Vernon Coffman, et al. to Intervene In Support of Decision Below." Petitioners comprise an unincorporated association made up of citizens of the community of White, Fayette County, Pa. The declared purpose of this group is to maintain the "present environment and quality of life" in White, Pennsylvania. They are concerned about the pending appeal of the Clarksburg Coal Company from the decision of the Fayette County Zoning Hearing Board. Consequently, they have petitioned this court to permit them to intervene in this matter.

After carefully considering the position of these petitioners, the record of the Fayette County Zoning Hearing Board (hereinafter, ZHB), the briefs of

Citizens to Protect Our Community (hereinafter, "Citizens") and the Clarksburg Coal Company (hereinafter, "Clarksburg") and the relevant statutory authority, it is our determination that the petition to intervene is to be denied.

Clarksburg filed a petition requesting the ZHB to grant it a special exception to allow the operation of a surface mine in very close proximity to the community of White. The mine is to operate on property previously zoned "A-1," Agricultural-Rural.

A hearing on this petition was held before the ZHB on August 22, 1984, at which Citizens appeared in opposition to the request for a special exception. On September 26, 1984, the ZHB adopted a resolution denying the petition. From this decision Clarksburg has taken an appeal to the Common Pleas Court of Fayette County. Citizens now wishes to intervene in the appeal so as to make its opposition to the special exception known.

The Pennsylvania Rules of Civil Procedure dictate the method by which an unincorporated association may bring an action. Pa.R.C.P. 2152. . . . The application in the instant matter does not conform to the statutory requirements of Pa.R.C.P. 2152 and hence, is not acceptable.

More importantly, Citizens is attempting to intervene pursuant to Pa.R.C.P. 2327(4) which requires the person seeking to intervene to have a legally enforceable interest. Nowhere in the record is it demonstrated that Citizens has a legally enforceable interest in the outcome of this matter. Additionally, it has been held by Pennsylvania courts that a concerned citizens group, which was not, as an entity, the owner or tenant of land, could not intervene in a zoning case since it had no legally enforceable interest. Fretz v. Hilltop Twp. Board of Supervisors, 25 Bucks Co.L.Rep. 110 (1974). Therefore, for this

reason we must also deny Citizens petition to intervene.

However, this does not affect the right of Vernon Coffman and all of the additional citizens named in the petition to bring their own individual petitions to intervene pursuant to Pa.R.C.P. 2327(4). Hence, we shall address this instant matter as if it were so brought.

Intervention is permitted in zoning cases under proper circumstances. As in this case, an adjoining landowner may intervene where a zoning decree would affect his property. Cablevision Division of Sammons Communications, Inc. v. Zoning Hearing Board of Easton, 41 Northampton Co. Rep. 254 (1972). Also, landowners in the immediate vicinity of property for which a zoning variance is sought have the requisite interests to intervene. Esso Standard Oil Co. v. Taylor, 399 Pa. 324, 159 A.2d 692 (1960). There is no doubt that these citizens have sufficient interest necessary to permit them to intervene as each appears to be an adjacent landlower of the property that is to be mined.

Having reached this conclusion, we must now determine the propriety of granting or denying the petition. Pa.R.C.P. 2329 states in pertinent part that ". . . an application for intervention may be refused, if . . . (2) the interest of the petitioner is already adequately represented; . . ."

An examination of the record in the instant matter reveals that the interests of the citizens of the community of White have been adequately represented by the ZHB. In its resolution the ZHB specifically states:

"It is the opinion of the board that such intense surface mining activity in the area surrounding White would result in excessive hardship on the residents of that community. The noise, dust, traffic

and other functions of any mining operations are such as to impinge on the well-being of the community. This is further affected by the blasting proposed by petitioner (Clarksburg) which increased fear by the surrounding residents of damages to their homes and water supplies. While the board recognizes that mere inconvenience to the residents from a proposed activity may be an insufficient basis to deny a special exception, in this case, the compounding of these inconveniences by a fourth surface mining operation within the relatively short distances related in the testimony does, in the opinion of the board, so adversely affect the community that the petition is denied. ZHB Resolution, p. 3.

This passage clearly evidences the fact that the ZHB was acting primarily with regard to the interests of the citizens of White. Indeed, the petition was denied for these very reasons. ZHB Resolution, p. 3.

## ORDER

Petitioners' request to be permitted to intervene is hereby refused.