530 A.2d 1039

Cherry Valley Associates *v.* Stroud Township Board of Supervisors. Alden Fetherman, et ux., et al., Appellants.

Argued April 20, 1987, before Judges CRAIG and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*E. David Christine, Jr., Christine & Christine,* for appellants.

*Mark P. Pazuhanich, Hanna, Young & Upright,* for appellee, Cherry Valley Associates.

OPINION BY JUDGE PALLADINO, September 10, 1987:

Alden Fetherman and approximately 50 other individuals (Appellants) appeal an order of the Court of Common Pleas of Monroe County denying their petition to intervene in the consolidated appeals of Cherry Valley Associates (CVA) from the denial of CVA's applications for a conditional use permit by the Stroud Township Board of Supervisors (Board). We affirm.

CVA owns 160 acres of land in Stroud Township on which it seeks to build a planned unit development (PUD), a permitted conditional use for this property under the Stroud Township Zoning Ordinance. CVA submitted an application for a conditional use to build a 250 dwelling unit PUD, which was denied by the Board. CVA appealed this denial to the trial court. CVA then submitted an application for a conditional use permit to build an 88 dwelling PUD with the possibility of expansion to 250 units. This second application was also denied by the Board and appealed by CVA to the trial court. The two appeals were consolidated for trial.

Appellants, residents and landowners in Stroud Township, petitioned the trial court for permission to intervene in CVA's appeal pursuant to Pa. R.C.P. No. 2327(4).[1] In their petition, Appellants state they wish to have the Board's denial of a conditional use permit affirmed. If CVA is permitted to construct either PUD, Appellants allege in their petition to intervene they will suffer the following damage:

(a) The proposed planned unit development would devalue the Petitioners' real estate;

(b) The proposed planned unit development would mar and destroy the rural and scenic qualities of the area surrounding the development site;

(c) The proposed planned unit development would generate traffic hazards on surrounding roadways;

---

[1] Appellants make no argument that they are owners or tenants of property directly involved in this action and, therefore, do not have a right to intervene under section 1009 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11009. Appellants' only participation in this action prior to their petition to intervene consisted of testimony given by 4 of the individual appellants at a public hearing held by the Board on CVA's application for a conditional use permit.

(d) The proposed planned unit development would damage and adversely affect the ecological and environmental qualities of the surrounding area;

(e) The proposed planned unit development would pollute and harm Cherry Creek;

(f) The proposed planned unit development is incompatible with the adjoining development;

(g) The proposed planned unit development would not conform with regulations applicable to the zoning district in which it is to be located;

(h) The proposed planned unit development will require Petitioners and generally all citizens of Stroud Township to indemnify the Appellee through increased taxes or assessments that will be necessarily incurred by the construction of the development;

(i) The proposed planned unit development would harm the general health, welfare and safety of the Petitioners and all residents, owners, and taxpayers of Stroud Township similarly situated.

The trial court denied Appellants permission to intervene on two different bases. First, the trial court held Appellants did not have the requisite "legally enforceable interest" to intervene under Pa. R.C.P. No. 2327(4).[2] Second, the trial court concluded that even if

---

[2] Pa. R.C.P. No. 2327(4) states:

At anytime during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

Appellants do have legally enforceable interests, their interests were adequately represented by the Board, and denied permission to intervene pursuant to Pa. R.C.P. No. 2329(2).[3] The trial court allowed Appellants to file an amicus curiae brief. On appeal to this court, Appellants contend permission to intervene was improperly denied.

Initially, Appellants argue that their status as residents and property owners in the "immediate vicinity" of the proposed PUD[4] and the damage they have alleged will result if the PUD is built provide the legally enforceable interest required to be permitted to intervene pursuant to Rule 2327(4). Even if Appellants have the necessary legally enforceable interests, the trial court acted properly in denying permission to intervene if Appellants' interests are adequately represented by the Board. Pa. R.C.P. No. 2329(2). For the reasons which follow, we hold that Appellants' interests are adequately represented. Therefore, we need not address the issue of whether Appellants' interests are legally enforceable interests. *See Pierce Junior College v. Schumacker*, 17 Pa. Commonwealth Ct. 604, 333 A.2d 510, *cert. denied*, 423 U.S. 1016 (1975).

Appellants first contend that all their interests are not adequately represented by the Board because they have alleged private harm which is unrelated to the Board's public responsibilities. The alleged private harm

---

[3] Pa. R.C.P. No. 2329(2) states:

Upon the filing of the petition and after hearing, of which notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if

(2) the interest of the petitioner is already adequately represented.

[4] CVA and Appellants submitted a map to the trial court showing the locations of Appellants' residences. Their distances from CVA's property ranged from one-half mile to more than two miles.

is submitted to be an alleged adverse effect on Appellants' individual property values and the use and enjoyment of their individual property. The Board is charged only with providing for the public health and safety and general welfare of the municipality. *See* sections 105, 301, 501, 601, 603 of the Pennsylvania Municipalities Planning Code.[5]

Appellants' reliance on the distinction between private and public interests is misplaced. CVA is appealing the denial of a conditional use permit. A conditional use permit must be granted if the applicant has met the specific requirements for that use, provided the applicant has shown the use will not be detrimental to *public health, safety,* or *general welfare. Warren v. Collier Township Board of Commissioners,* 62 Pa. Commonwealth Ct. 481, 437 A.2d 86 (1981). The trial court, acting as an appellate court in this instance, is limited to determining whether the Board's findings are supported by substantial evidence or the Board has committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 554-55, 462 A.2d 637, 639-40 (1983). CVA's appeal is not the proper forum for Appellants to assert their private interests.[6]

Accordingly, we affirm.

## ORDER

AND NOW, September 10, 1987, the order of the Court of Common Pleas of Monroe County in the above-captioned case is affirmed.

---

[5] 53 P.S. §§10105, 10301, 10501, 10601 and 10603.

[6] Appellants also assert as an interest not adequately represented by the Board their inability to appeal an adverse decision by the trial court to this court if the Board declines to do so. Appellants have presented no arguments that the Board is not represented by competent counsel and will not properly present the case. This "interest" is therefore no more than speculation which we decline to consider.