## Jones, et al. *v.* Zoning Hearing Board and The Tennis Club, Intervenor.

Argued October 2, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Paul W. Callahan,* with him *Stanley Schlesinger* and *Fox, Differ, Mazer & Callahan,* for appellants.

*Robert S. Ryan,* with him *John W. Fischer, Lewis H. Van Dusen, Jr.,* and *Drinker, Biddle & Reath,* for appellee.

*Perrin C. Hamilton,* with him *Joseph A. Malloy, Jr.,* and *Hamilton, Darmopray, Malloy & Milner,* for intervenor.

OPINION BY JUDGE CRUMLISH, JR., December 18, 1972:

The Court of Common Pleas of Montgomery County affirmed the decision of the Zoning Board of Lower

Merion Township which granted the application of the intervenor here for a special exception. Neighbors and the local Civic Association objected. Hence their appeal.

The intervenor seeks to construct a tennis club on a seven and one-half acre tract in Belmont Hills.

Testimony at the Board hearing disclosed the following plans: (1) The Tennis Club would have a maximum membership of two hundred families, and (2) The physical facilities would consist of a clubhouse building, 6 indoor tennis courts, 12 outdoor tennis courts, a swimming pool with related structures and a parking lot to serve 186 automobiles.

The Board granted the special exception subject to certain conditions.[1]

The tract in question is located in R-3 and R-5 zoned residential districts. Section 601(4) of the Lower Merion Zoning Ordinance provides that a special exception in such classifications may be granted for a "Club, fraternity house or lodge except where one of the principal activities is an activity customarily carried on as a business when authorized as a special exception."

Section 802(2) of the Zoning Ordinance provides that "Not more than 20% of the area of each lot may be occupied by buildings."

Appellants contend (1) that the Zoning Hearing Board erred in concluding that the Intervenor [Tennis Club] carried its burden in establishing that the proposed use was a "club" within the meaning of the Ordinance; (2) that the Board erred in finding that the

---

[1] These conditions are (1) membership shall be limited to 200 families; (2) the outdoor tennis courts shall not be lighted; (3) neither swimming nor outdoor music shall be permitted after 10:00 P.M.; (4) applicant shall provide an impounding basin or other adequate alternative drainage facilities.

plans of the Intervenor complied with the 20% coverage limitations of the Ordinance.

We hold appellants' positions to be without merit.

In a zoning case where the court below took no additional evidence, as is the case here, the scope of review by an appellate court is limited to a determination as to whether the zoning board in its Findings of Fact and Conclusions of Law committed a manifest abuse of discretion or error of law. *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 290 A. 2d 715 (1972) ; *DiBello v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 546, 287 A. 2d 856 (1972).

A special exception to a zoning ordinance is a use permitted when the owner applicant meets the conditions established by the applicable ordinance and where the use does not adversely affect the community. *Zoning Hearing Board v. Slavitz*, 3 Pa. Commonwealth Ct. 495, 284 A. 2d 337 (1971).

When one applies for a special exception, he need not affirmatively prove that the proposed use would not adversely affect the health, safety and morals of the community; he need only establish by competent and sufficient evidence that the proposed use falls within the ordinance provisions for special exceptions. *Mignatti Con. C., Inc.'s Zoning Application*, 3 Pa. Commonwealth Ct. 242, 281 A. 2d 355 (1971) ; *Berlant v. Lower Merion Twp. Zoning Hearing Board*, 2 Pa. Commonwealth Ct. 583, 279 A. 2d 400 (1971).

Protestants to the application bear the burden to prove that a proposed use under a special exception to a zoning ordinance would adversely affect health, safety, or morals of a community. *Zoning Hearing Board v. Slavitz*, 3 Pa. Commonwealth Ct. 495, 284 A. 2d 337 (1971).

Section 2305 of the Lower Merion Zoning Ordinance provides: "(1) An applicant for a special exception

shall have the burden of establishing . . .: (A). That his application falls within the provisions of the Ordinance which affords to the applicant the right to seek a special exception . . . ."

Appellants urge us to agree that The Tennis Club has not sustained its burden in proving that it will operate as "club" within the meaning of Section 601(4) leaving the Board with the inescapable conclusion that it will function as a commercial enterprise. There was uncontroverted testimony that the Club will be organized as a nonprofit corporation;[2] that no one will make a personal profit from the operation of The Tennis Club and any compensation received by any director or any employee will be for services actually performed. Testimony adduced revealed that the purpose of the Club was to "bring together two hundred . . . families to utilize the tennis courts and other facilities and consequentially establish a rapport with citizens whose athletic interests are mutual."[3]

Appellants agree that the facility described by Mr. Bernstein, the principal developer, *could be* operated exclusively as a "club." Appellants contend, however, that the Intervenor has failed to meet its burden in proving that the facility will be *in fact* operated as a "club."

We have no doubt that testimony clearly sets The Tennis Club within the common-sense definition of

---

[2] This in fact has been accomplished.

[3] It should be pointed out that no liquor will be sold on the premises. Therefore this case is not controlled by *Sites, et al. v. W. Goshen Zoning Hearing Board*, 5 Pa. Commonwealth Ct. 78, 287 A. 2d 909 (1972), which held that a club which dispenses alcoholic beverages as a principal activity does not qualify for a special exception. There, as in the instant case, the zoning ordinance permitted a special exception for clubs when a principal activity is one which is not customarily carried on as a business.

"club."[4] Appellants offered no contradictory testimony to substantiate its speculation that The Tennis Club will be operated primarily as a business enterprise, and secondarily if at all as a "club." The Zoning Board did not abuse its discretion in concluding that the Intervenor was in fact a "club" within the meaning of Section 601(4).

Appellants' second and also losing contention is that the Intervenor's proposed facility would violate Section 802(2) of the Zoning Ordinance which limits the building area to 20% of the total lot space.

Very simply the issue resolves itself into a determination of whether the outdoor tennis court facility is a "building" within the meaning of Section 802(2).

Looking to Section 200 of the Zoning Ordinance we find that the term "building" includes the word "structure." There a swimming pool is specifically defined as a "structure" if it is capable of containing water twenty-four inches or more in depth.[5] However, unlike the "swimming pool" provision, the term "tennis court" is not defined as a "structure."

Although diligent research reveals no Pennsylvania cases matching the case before us, this precise issue was raised in *Williams v. Inspector of Buildings of Belmont,* 341 Mass. 188, 190, 191, 168 N.E. 2d 257 (1960). Justice WHITTEMORE writing for the Supreme Judicial Court of Massachusetts is most persuasive: ". . . to conclude that a tennis court is excluded it would be necessary to rule that it comes within the term 'structure' and we rule that it does not. It is true that a tennis court is in a sense 'something constructed or built' (dictionary definition) but we think that in a zoning regu-

---

[4] Since the word "club" is not defined in the zoning ordinance the Zoning Board properly assigned a common-sense definition to the word.

[5] Ordinance Section 200, Subsection 30A.

lation, at least in the absence of a statement of broader intent, it does not include a solid underground construction for the purpose of furnishing a smooth and hard surface which will be unaffected by the weather. The work in making a tennis court is like that involved in making a driveway or a road. The wire fence or ball guard and the net posts are incidents of the tennis court and are no more structures within the zoning law than is the court."

The only component of a tennis court which could conceivably be considered a "structure" would be the retaining walls bordering a part of the court areas. The retaining walls are necessary to provide sufficient level area for the tennis courts[6] and the plans indicate that the area of the walls is miniscule. The mere fact that retaining walls are necessary in order to provide a sufficient level area is not a compelling reason to label tennis courts which lay open to the sky a "structure" as defined by the Lower Merion Zoning Ordinance. Clearly then, the Zoning Board committed no abuse of discretion in determining that tennis courts should not be included in the computation of the 20% building-lot ratio of Section 802(2).

The additional contentions of the appellants, which pertain to potential fire and traffic hazards are also without merit.[7]

We therefore hold that before the Zoning Board of Adjustment the Intervenor where he was the applicant met all the terms and conditions required of it in its

---

[6] The retaining walls are not constructed to serve as a foundation for the tennis courts. The walls merely hold back hills to provide level areas.

[7] There was no positive testimony adduced at the hearing level indicating a true fire hazard. Most of the testimony presented was pure speculation. As for the traffic hazard, the record indicates that the increase in traffic flow will not be so great as to justify denying the application for the special exception.

quest for a special exception and that appellants have not met their burden of proof by which they are required to establish that the proposed use under the special exception would adversely affect the health, safety or morals of the community.

Order affirmed.