Township of Marple, Appellant, *v.* Walter Wesley Ford, Appellee.

Argued April 5, 1974, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Herbert Goldfeld,* for appellant.

*Holbrook M. Bunting, Jr.,* with him, of counsel, *Trevaskis, Doyle, Currie, Nolan & Bunting,* for appellee.

OPINION BY JUDGE WILKINSON, April 23, 1974:

With relatively minor modifications, the opinion of Justice ROBERTS in *Delaware County Community College Appeal,* 435 Pa. 264, 254 A. 2d 641 (1969), could be used as the opinion in this case, the facts and the law of each being as close as the physical locations of the properties—across the road. The procedural stances of the cases are the same. Each involves a permitted use in this R-A zoned area subject to a special exception being granted. In each instance, the special exception was refused by the Board and the Board's decision was reversed by the Court of Common Pleas on appeal. The Common Pleas Court's decision in *Community College* was affirmed by the Supreme Court. We affirm in this case.

The proposed use is a 200-bed hospital located on a tract of approximately 26 acres. The building would occupy perhaps two acres, the parking lot and driveways perhaps four acres, leaving 20 acres for landscap-

ing. With the building not over three stories high, and perhaps only two, certainly the appearance would not be incompatible with this rural-residential area. This is especially true when it would be located across the road from the 122-acre tract of the Community College, four acres of which were planned for buildings, 34 for parking areas and roadways, and the balance for landscaping.

Supplementing the opinion in *Community College* is the law with regard to the granting of special exceptions, the burdens, and the scope of review, ably set forth by Judge CRUMLISH in *Jones v. Zoning Hearing Board and The Tennis Club*, 7 Pa. Commonwealth Ct. 284, 298 A. 2d 664 (1972), making it unnecessary to review it here. Suffice it to say that once the applicant establishes that the proposed use is within the ordinance provisions for a special exception, a matter not in dispute here, the burden is on the protestants to prove that the proposed use would adversely affect the health, safety, or morals of the community.

The only finding of fact by the Board which could possibly be construed as supporting a conclusion of law that the special exception should be denied was Finding of Fact No. 12 which stated: "The construction and operation of this hospital will burden Media Line Road and Newtown Street Road (Pa. Route 252) near their intersection in an area which is already overburdened with traffic and where a substantial traffic increase from the Community College is anticipated." Judge BLOOM, in his able opinion for the court below, properly disposed of this as follows: "The subject property has a frontage of 1,943 feet on Pennsylvania Route 252 and 1,350 feet on Media Line Road. The sole proposed ingress and egress to the hospital shall be from Media Line Road. A traffic light at the intersection of said roadways has been proposed because of the expected increase of traffic related to the Community

College. A traffic expert testified on behalf of the Appellant [appellee here] and he stated that if a traffic light were installed at the said intersection, the additional traffic generated by the hospital would not create a traffic hazard or a problem on either roadway. The only testimony offered to contradict Appellant's expert came from some neighbors near the proposed hospital site who were 'concerned' with increased traffic problems. This testimony did not contradict Appellant's position that the existing roadways were sufficient to handle the traffic generated by the hospital and that the installation of a traffic light would eliminate any traffic hazard at the intersection."

Even a superficial review of the record and most certainly a review in depth more than amply support the lower court's conclusion that the proposed use of the land here in question for a hospital in the manner presented is a permitted use by special exception and, based on this record, the Board committed a manifest abuse of discretion and error of law in denying the application.

Affirmed.