## Springton Tennis & Raquet Club v. Zoning Hearing Board of Marple Township

*Francis R. Lord,* for appellant.
*Herbert Goldfeld,* contra.

TOAL, J., May 8, 1974.—Springton Tennis & Racquet Club (hereinafter the club) has filed an appeal from the decision of the Zoning Hearing Board of Marple Township (hereinafter the board) denying the club's application for a special exception to construct and operate a facility for a private tennis club with eight indoor courts and certain accessories. This opinion is in disposition of the appeal. The club is a Pennsylvania nonprofit corporation and is the lessee of the subject property, located on the east side of Route 252, Newtown Street Road, approximately 500 feet north of Palmers Mill Road, Marple Township.

The property is situate in an "R-A" residence zoning district under the Marple Township Zoning Ordinance, which provides, in its pertinent part, section 301, that:

"A building may be erected, altered or used, and a

lot or premises may be used for any of the following purposes and no other: . . .

"(3) Club, fraternity house, lodge, animal farm, public stable or riding academy, when authorized as a special exception."

The club, claiming it qualified as a club under this section, applied for permission to erect upon the premises and operate a private tennis club having eight indoor tennis courts. The club has two types of membership; participating members who hold stock and associate members who must pay an initiation fee and dues as well as an hourly fee for play. The club leases the subject premises from Springton Associates which will construct the facility. The two principals of Springton Associates are also among the incorporators and directors of the Springton Tennis and Racquet Club. Under the lease, the rentals are to be adjusted on a yearly basis.

A public hearing was held before the board on September 19, 1973, and on October 26, 1973, the board rendered its decision refusing the special exception. This appeal followed. No additional testimony was taken by this court. Therefore, the scope of our review is limited to a determination of whether the zoning hearing board committed a manifest abuse of discretion or error of law: Jones et al. v. Zoning Hearing Board and The Tennis Club, 7 Comm. Ct. 284, 298 A. 2d 664 (1972). Unless the zoning hearing board committed a clear abuse of its discretion or an error of law, its conclusion must be affirmed: Polizzi v. Zoning Board of Adjustment, 420 Pa. 405, 218 A. 2d 226 (1966).

A special exception is a permitted use in a zoning ordinance. Once the applicant has shown that the use falls within the terms of the ordinance, he is entitled to the special exception unless the sought-after use

would adversely affect the public interest. The burden of showing such adverse effect is upon those who oppose the granting of the exception: Delaware County Community College Appeal, 435 Pa. 264, 254 A. 2d 641 (1969).

In the instant case, there is no evidence whatsoever which would cause the board to properly conclude that the granting of a special exception would be adverse to the public interest. The decision of the board was based on its interpretation of the word "club" within the cited section of the ordinance. The board concluded that the word "club" implies "non-commercial" or, at least, "minimal commercial involvement." The board further concluded that although Springton Tennis and Racquet Club is a nonprofit corporation, its close relationship to Springton Associates, designed to be a profit-making enterprise, somehow renders the club "commercial."

In accordance with our scope of review, we find that the board committed an error of law in its determination that appellant did not qualify as a "club" under the Marple Township Zoning Ordinance.

Restrictions under zoning ordinances must be construed strictly as they are in derogation of an owner's common-law right to use his property: D. B. S. Building Association v. Erie, 177 Pa. Superior Ct. 487, 111 A. 2d 367 (1955). The Zoning Ordinance of the Township of Marple does not define the word "club." When terms are not defined in an ordinance, they are presumably used in the broadest possible sense: Lord Appeal, 368 Pa. 121, 81 A. 2d 533 (1951); United Cerebral Palsy Association v. Zoning Board of Adjustment, 382 Pa. 67, 114 A. 2d 331 (1955).

A "club," of which there are many different types, is, in substance, merely an organization or association of persons who meet or live together for the purpose

of social intercourse or some other common object such as the pursuit of literature, science, politics or good fellowship: D. B. S. Building Association v. Erie, supra.

Association for the purposes of tennis has been held to be a "club" activity and has qualified such an association as a "club": Jones et al. v. Zoning Hearing Board and The Tennis Club, supra.

We find no basis for the conclusion reached by the Zoning Hearing Board of the Township of Marple that the undefined word "club" in its zoning ordinance implies noncommercial or minimal commercial involvement of their organization.

Furthermore, the zoning hearing board erred in its determination that the relationship between Springton Tennis & Racquet Club and Springton Associates prevents the club from qualifying for a special exception under the Marple Zoning Ordinance. These organizations are two legally separate entities. This relationship is not altered by the fact that the two individuals who are the principals of Springton Associates as a joint venture were also among the incorporators and are two of the five members of the Board of Directors of Springton Tennis & Racquet Club, a nonprofit corporation.

The board is confusing the financial arrangements between the two organizations with the use of the premises by Springton Tennis & Racquet Club. See Hart Appeal, 410 Pa. 439, 189 A. 2d 167 (1963). The intended use of the premises by the club is noncommercial and is permitted under the ordinance.

Accordingly, we enter the following

### ORDER

And now, May 8, 1974, it is ordered and decreed that the appeal of Springton Tennis & Racquet Club

be and the same is hereby sustained and the special exception granted, subject to such reasonable and necessary conditions as may be established within 30 days of this order upon hearing by the Zoning Hearing Board of Marple Township, for which purpose this matter is remanded to the said board.