William J. Klein, Appellant *v.* Township of Lower Macungie, Zoning Hearing Board and Gilindo L. Dalmas, Appellees.

Argued September 25, 1978, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*James G. Kellar,* for appellant.

*J. Jackson Eaton, III,* with him *Butz, Hudders & Tallman,* for intervenor.

OPINION BY JUDGE ROGERS, December 6, 1978:

We affirm the order of the court below upholding the decision of the Zoning Hearing Board of Lower Macungie Township dismissing the zoning appeals of William J. Klein, the appellant in this Court, on the thorough and comprehensive opinion of Judge DONALD E. WIEAND following:

Whether by design or oversight the Zoning Ordinance of Lower Macungie Township fails to contain any reference to private tennis courts. The Zoning Hearing Board of the Township determined in this case that a tennis court is to be deemed a use which is accessory to a residential dwelling and, therefore, allowable as a matter of right. The Board also held that a tennis court, including lights and fences, was not a "structure" which would violate side and rear yard requirements imposed by the ordinance. These rulings have been challenged in two zoning appeals filed in this Court by William J. Klein, who owns the residence adjacent to the land on which Gilindo L. Dalmas intends to place a tennis court.

The Klein and Dalmas properties are located in a residential area known as "Executive Estates," which has been zoned LE-2. In such a zoning district, "[a]ccessory uses on the same lot and customarily incidental to the permitted use are permitted by right. The term 'accessory use' shall not include a business but may include the following uses which shall comply with all yard regulations. . . ." A tennis court is not one of the accessory uses specifically enumerated.

The phrase "accessory use or building" is defined in Section 201 of the Ordinance as follows:

A subordinate use or building customarily incidental to, and located on the same lot occupied by the main use or building. The term Accessory Building includes but is not limited to private garage, garden or barn, a private playhouse, a private greenhouse, and a private swimming pool.

The dispute appears to be centered about the phrase "customarily incidental" to the main or permitted use. More specifically, a determination of the legislative intent would seem to be dependent on whether the word "customarily" was intended to modify the adjective "incidental" or the noun "use." Does this language refer to a use which is customary on residential properties or does it have reference to a use which, when present, is usually not the main use but incidental, secondary, or accessory to some other use? To phrase the question, of course, is to answer it. The ordinance uses the adverb "customarily" and not the adjective "customary." Hence, the intent must have been to modify the adjective "incidental" and refer to uses which are usually incidental to a main use. If the Township had intended to permit only incidental uses which were customary, it would have allowed uses which are "customary and incidental."

The Zoning Hearing Board could properly conclude from the record in this case that private tennis courts are customarily incidental to residential dwellings in the township. It was not necessary to such a determination that a majority or even a substantial number of residential properties in the neighborhood contain tennis courts.

The Board's interpretation of the ordinance was confirmed by the established practice followed by the Zoning Officer in Lower Macungie Township. She uniformly treated private tennis courts as accessory to residential uses and permitted them as a matter

of right. This uniform interpretation of the ordinance by the Zoning Officer was an additional factor which could be considered by the Board in resolving any ambiguity in the ordinance. Ryan, Pennsylvania Zoning Law and Practice §4.2.3. See also: *Township of Ridley v. Pronesti,* 55 Del. Co. 84 (1967), aff'd, 431 Pa. 34, 244 A.2d 719 (1968); *Edmundson v. Johns,* 89 P.L.J. 215 (1941).

For these reasons we must conclude that the Hearing Board did not abuse its discretion in holding the proposed Dalmas tennis court to be an accessory use which could be installed as a matter of right.

The Zoning Ordinance contains a side yard requirement of 25 feet and a rear yard requirement of 45 feet. The tennis court proposed in the instant case would be placed within 5 feet of the side and rear property lines of the Dalmas property. Whether this constitutes a violation of the ordinance is the second issue raised by the appellant.

Section 505 of the Ordinance, as already noted, provides that the term "'accessory use' . . . may include the following uses which shall comply with all yard regulations. . . ." The Board construed this language as imposing side and rear yard requirements only upon those accessory uses which were identified and enumerated by the Ordinance and not upon accessory uses, such as tennis courts, which were not therein listed. Zoning laws which restrict the use which a person may make of his or her land must be strictly construed. *George Calantoni & Sons, Inc. v. Board of Supervisors,* 6 Commonwealth Ct. 521, 297 A.2d 164 (1972); *Abington Township v. Dunkin' Donuts Franchising Corp.,* 5 Commonwealth Ct. 399, 291 A.2d 322 (1972). A strict construction of the instant ordinance prevents side and rear yard requirements from being interpreted so as to exclude uses

in yard areas which are not prohibited by the words of the ordinance or necessarily implied thereby.

The Board also held that a tennis court was not a "structure" which was prohibited in side and rear yard areas. The validity of this holding, of course, must be determined by the definitions contained in the ordinance itself, for the legislative body may furnish its own definitions of words or phrases in order to guide and direct judicial determinations of the intendments of legislation, and such definitions may be different from ordinary usage. *Sterling v. Philadelphia,* 378 Pa. 538, 106 A.2d 793 (1954); *Youngkins v. Zoning Hearing Board of Allentown,* 35 Leh.L.J. 455 (1974).

In the instant ordinance the term "yard" is defined as "open space unobstructed from the ground up." See: Section 245. A "structure" is defined as "[a] combination of materials assembled, constructed or erected at a fixed location including a building, the use of which requires location on the ground or attachment to something having location on the ground." See: Section 238. These definitions, we believe, must be read together. Thus, a structure consists of a combination of materials located upon or attached to the ground and which obstructs open space from the ground up. When so construed, it is apparent that the yard requirements of the ordinance do not prohibit driveways, uncovered patios, shuffleboard courts, quoit hobs, badminton nets and volleyball nets. These do not constitute obstructions to open space. Similarly, tennis courts, with incidental wire enclosures and lights, are not prohibited structures.

This conclusion is supported by decisions of the Commonwealth Court in *Jones v. Zoning Hearing Board, et al.,* 7 Commonwealth Ct. 284, 298 A.2d 664 (1972) and the Supreme Court of Massachusetts in

*Williams v. Inspector of Buildings of Belmont,* 341 Mass. 188, 168 N.E.2d 257 (1960). In both cases, it was held that in the absence of a legislative intent to the contrary, tennis courts were not structures as that term was used in zoning ordinances. At pages 289 and 290 of *Jones,* the Commonwealth Court quoted the *Williams* court with approval as follows: " '. . . to conclude that a tennis court is excluded it would be necessary to rule that it comes within the term "structure" and we rule that it does not. It is true that a tennis court is in a sense "something constructed or built" (dictionary definition) but we think that in a zoning regulation, at least in the absence of a statement of broader intent, it does not include a solid underground construction for the purpose of furnishing a smooth and hard surface which will be unaffected by the weather. The work in making a tennis court is like that involved in making a driveway or a road. The wire fence or ball guard and the net posts are incidents of the tennis court and are no more structures within the zoning law than is the court.' "

The instant decision is also consistent with an earlier decision of this Court in *Smith v. Klein,* 34 Leh. L.J. 116 (1970). We there held that a macadam surface with a pole and attached basket and backboard did not constitute a structure in violation of the side yard requirements of the zoning ordinance there being considered.

In deciding this case, we do not suggest that regulation of tennis courts is either inadvisable or unnecessary. Tennis courts are larger and more permanent than badminton and volleyball nets or quoit and shuffleboard courts, which, of course, are not prohibited or regulated by the ordinance. They are more akin to swimming pools, which are restricted and regulated by the ordinance. Indeed, restrictions on the place-

ment of tennis courts would seem to be even more necessary as the number of private tennis courts increases. This, however, is a matter to be determined by the legislative body of the township and not by this court. We hold merely that the Zoning Ordinance of Lower Macungie Township, as now written, does not prohibit the tennis court contemplated in this case. The appeals of William J. Klein, therefore, must be dismissed.

Order affirmed.

## ORDER

AND Now, this 6th day of December, 1978, the order of the court below made June 14, 1977 is affirmed.

---

DISSENTING OPINION BY JUDGE CRAIG:

Although I agree with the majority holding that the tennis court is allowable as an accessory use, I must respectfully dissent from that portion of the decision which concludes that a ten-foot high fence may, in association with the tennis court, be erected within five feet of the neighboring property line.

The Zoning Ordinance of Lower Macungie Township, in Section 405.1 pertinently provides:

The term 'accessory use' shall not include a business but may include the following uses *which shall comply with all yard regulations* and applicable provisions listed below:

405.1  Residential accessory building or structure or use including but not limited to:

405.101  Parking spaces. . . .

405.102  *Structures such as fences.* . . .

405.103  Building such as storage sheds.

. . . (Emphasis supplied.)

In plain English, this unambiguous provision requires fences to comply with yard regulations.

Certainly, in *Jones v. Zoning Hearing Board,* 7 Pa. Commonwealth Ct. 284, 298 A.2d 664 (1972), we held that the tennis court itself, as a level surface constructed essentially at grade, should not be deemed to be a structure for the purpose of a different kind of area requirement. There we also agreed that a "wire fence" and the net posts are "incidents of the tennis court" and also are not structures. But there we were not presented with an ordinance provision of this sort, dealing so clearly with fences that there is no room for interpretation.

I do not believe that this Court should ignore the explicit ordinance provision, as did the board and lower court, to conclude that a vertical fence is a non-structure when it is associated with a horizontal non-structure.

Of course, I grant that a tennis court is not much good without a fence, whether the players be top-seeded or not. Moreover, to prohibit fences from being near property lines may seem strange because fences often do their best work right on property lines. On the other hand, community experience may have shown Lower Macungie Township that fences which divide properties may threaten the community welfare in ways not applicable to fences which protect and restrain within the interior of lots.

In any event, our Pennsylvania courts have long held that judicial disagreement with the policy of a zoning space requirement does not warrant judicial amendment of the legislation. *Miller v. Seaman,* 137 Pa. Superior Ct. 24, 8 A.2d 415 (1939). Nor has the validity of Section 405.102 of the ordinance been placed at issue here.

Although I am in disagreement only with the area requirement result and very much support the interpretation as to use, the view I take would mean that the proposal *as presented* should not have been grant-

ed. Therefore, I would reverse the decision below for error of law, so that the application for the tennis court location would be denied because the proposed location violates the ordinance and no variance has been sought or granted.