William L. Warren and Gail M. Warren, his wife, Appellants *v.* Collier Township Board of Commissioners, Appellee.

Argued October 7, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*John B. Nicklas, Jr.,* with him *Edward L. Kochuba, Jr., McCrady & Nicklas,* and *Michael T. Stubna,* for appellants.

*Michael B. Kaleugher, Rosenberg, Kirshner & Kaleugher,* P.A., for appellee.

OPINION BY JUDGE ROGERS, November 18, 1981:

This is the appeal of William and Gail Warren from an order of the Court of Common Pleas of Allegheny County affirming the denial by the Commissioners of Collier Township of the Warrens' conditional use zoning application.

The Warrens are the owners of a forty-two acre parcel of land in Collier Township on which they propose to build a single family detached dwelling and, adjacent to this dwelling, what is best described as a dioramic biblical exhibition consisting of thirty separate scenes dispersed over fifteen acres of the tract; each scene to encompass lifesize fibreglass replicas of biblical personnages, background material, a signboard on which is to be lettered a passage from scripture, and electronic apparatus to reproduce tape recorded inspirational music.[1]  In their conditional use application the Warrens also proposed to erect cer-

---

[1] The parties variously refer to this exhibition as a "Walk through the Bible," "a Bible walk" and a "Christian woodland retreat."

tain improvements to accompany the biblical exhibition including an accessway with a cartway width of thirty feet, an automobile parking lot, a gravel walkway connecting the exhibits, a domestic water supply and an on-site sewage disposal system, and a "block building" for the dispensation of refreshments to patrons of the exhibit. Mr. Warren's description of the project, contained in his letter dated April 10, 1979 to the Collier Township Planning Commission is as follows:

> To make way for off-the-road parking, the land next to the road will be excavated into a two to three tier parking facility. This should be able to hold approximately 200 to 250 cars. Shubbery [sic] will be put in to dress the lot.
>
> Below the parking lot and inside the forest will be located the various scenes from the Bible. There will be 30 different scenes laid out about 70 feet apart. The scenes will depict events from both the Old and New Testament of the Bible. To further illustrate the scenes . . . each location will contain life like characters made out of fiber glass with very human characteristics. Background music will accompany each scene with a tape recording explaining the thought of the Biblical scene. Also located at each site will be a five to six foot rendition of a Bible with the scripture pertaining to the scene.
>
> A gravel pathway will be cut through the forest with the various Biblical scenes interspersed. The pathway will be cut to provide ease of walking and to enhance the beauty of the forest.
>
> The retreat is nondenominational. And no one denomination is supported by the scripture being used.

The Walk through the Bible takes approximately 1 1/2 hours. There will be a need of a restroom for the women and one for the men. I plan to put in a septic system if approved by the county and also meets your approval. Also needed would be a small block type building down by the forest for the enclosure of the central music center. This block building would be ideal also for a small refreshment stand of sodas and a light snack for those who hiked through the retreat. The stand is not totally needed but would provide some relief on hot summer days to travellers. And it would not be by the road down next to the forest.

The Board of Commissioners, by unanimous vote and following the recommendation of the Township Planning Commission, rejected the application insofar as it proposed the construction of a biblical exhibition. With regard to the Warrens' application to build a single family dwelling the Commissioners decided:

Since no plans or specifications have been submitted to the Township, the decision of the Board was also to reject the request for a single family house. Please note that if you desire to submit plans for a single family dwelling, the Board will be happy to consider your new application.[2]

Our scope of review where the court below has taken no additional evidence is to determine whether the decision of the zoning authorities was an abuse of discretion or constituted an error of law.[3] *Timber*

---

[2] From their brief it is apparent that the Warrens do not here challenge the action of the Commissioners with respect to the proposal to build a single family dwelling.

[3] We agree with the appellants that the court of common pleas includes in its opinion language indicating the possibility of some

*Place Associates v. Plymouth Township Zoning Hearing Board,* 59 Pa. Commonwealth Ct. 582, 430 A.2d 403 (1981).

As in the case of special exceptions administered by Zoning Hearing Boards, the existence of a conditional use provision in an ordinance indicates legislative acceptance that the use is consistent with the zoning plan; and a conditional use must be granted by the governing body where there is compliance with the specific requirements set forth in the ordinance, provided it is not shown to be detrimental to public health, safety, or general welfare. *Brentwood Borough v. Cooper,* 60 Pa. Commonwealth Ct. 462, 431 A.2d 1177 (1981). However, as applicants for a conditional use, the Warrens had the initial burden to show that the use applied for came within one of the categories of uses permitted conditionally by the ordinance. *Susquehanna Township Board of Commissioners v. Hardees Food Systems, Inc.,* 59 Pa. Commonwealth Ct. 479, 430 A.2d 367 (1981). The question of whether a proposed use, as factually described in the application, falls within a given category specified in a zoning ordinance is one of law and subject to review on that basis. *Warminster Area Child Day Care Association, Inc. v. The Upper Southampton Township Zoning Hearing Board,* 35 Pa. Commonwealth Ct. 541, 386 A.2d 1076, 1080 (1978); *Crary Home v. DeFrees,* 16 Pa. Commonwealth Ct. 181, 184-185, 329 A.2d 874, 876-877 (1974).

---

confusion between the requirements for a zoning variance and those for a conditional use. However, we agree with the court below that the Commissioners properly rejected the Warrens' application and it has been "often stated that where a court makes a correct ruling, order, decision, judgment or decree, but assigns an erroneous reason for its action, an Appellate Court will affirm the action of the court below and assign the proper reason therefore." *Bearoff v. Bearoff, Inc.,* 458 Pa. 495, 501, 327 A.2d 72, 76 (1974).

The parcel of land at issue is located in a C-1 (conservation) district in which the uses permitted by right include public parks and playgrounds, agriculture, essential services, cemeteries, and specialized animal raising and care; and the uses permitted as conditional uses include single family dwellings, accessory uses, churches, water recreation and water storage, and noncommercial recreation. It is not argued that the proposed use is permitted by right.

We must first state the obvious; that the proposed biblical exhibition is not a use customarily incidental and subordinate to the proposed single family dwelling and, therefore, is not permitted as an accessory as provided by Section 601.1 of the Collier Township Zoning Ordinance; *Draving v. Lower Southampton Township Zoning Hearing Board,* 40 Pa. Commonwealth Ct. 243, 397 A.2d 54 (1979). Neither is the proposed use a "church," a term undefined in the ordinance but requiring in addition to the religious theme and purposes here present "a building set aside for religious . . . worship," not included in the proposal. Webster's Third New International Dictionary 404 (1969).

Finally, the Warrens contend that their proposed exhibition constitutes a noncommercial recreational use permitted as a conditional use by the ordinance emphasizing that there is no present intention to charge for admission to the exhibition although donations will be accepted. In *Bryson v. Oxford Motorcycle Club, Inc.,* 16 Pa. Commonwealth Ct. 229, 327 A.2d 880 (1974) we held that a use which is customarily engaged in as a commercial enterprise is not transmuted to a noncommercial recreational use by the entrepreneur's decision to recover his operating costs through donations rather than admission charges. *Cf. Jones v. Zoning Hearing Board,* 7 Pa. Commonwealth Ct. 284, 298 A.2d 664 (1972). The

same considerations govern the instant case. Indeed, one element of the Warrens' proposal is a separate structure (a "block building") for the sale and dispensation of refreshments. Clearly the proposed exhibition is not a noncommercial recreational use.

Since the Warrens failed to bring their proposal within any of the categories of uses permitted as conditional uses by the zoning ordinance, their application was properly rejected.[4]

Order affirmed.

### Order

And Now, this 18th day of November, 1981, the order of the Court of Common Pleas of Allegheny County is affirmed.

---

[4] Appellants also raise an interesting challenge predicated on the failure of the Board of Commissioners to set forth with specificity findings of fact related to the rejection of the conditional use application. We agree with the appellants that the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10101 et seq., while authorizing, in Section 603, 53 P.S. §10603, provision to be made in local zoning ordinances for conditional uses, is silent with regard to the procedure to be followed by the governing body in acting upon applications for such uses. We are also in accord with the proposition that in many cases an absence of factual findings by the zoning authorities would preclude the possibility of effective appellate review of the decisions of those authorities. However, in this case, where the controlling issue is one of statutory construction and where the facts, insofar as they are relevant, are contained in the appellants' zoning application and are undisputed, we can see no good end to be served by returning the matter to the Commissioners.