Neshannock Township, Lawrence County, Pennsylvania *v.* Gary Musguire et al., Gary Musguire, Appellant.

Submitted on briefs October 19, 1984, to Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Dina G. McIntyre, McIntyre & McIntyre,* for appellant.

*Dominick Motto, Chambers, Nicolls, Balph, Paul & Motto,* for appellee.

OPINION BY JUDGE CRAIG, December 3, 1984:

Landowner Gary Musguire appeals an order of the Court of Common Pleas of Lawrence County, sitting en banc, which dismissed his exceptions to the decree nisi of Judge CAIAZZA, as chancellor, enjoining Musguire and Donald Nelson from operating a motor vehicle racing facility on property owned by them in Neshannock Township.

We must determine whether a commercial racetrack constitutes a "recreation ground," public or private, as permitted in the R-3 Residential Limited Use district under Article V of the Neshannock Township zoning ordinance.

The property involved here is a 45.77 acre tract of land in a triangular shape bordered on the southwest and northwest sides by the Shenango River, and on the east side by railroad tracks. While this landowner has owned the property, its zoning classification has been R-3, although formerly the property, like all surrounding land, had an industrial use classification.

The landowners have used the property, now known as Harbor Woods, primarily as a motocross track, with some drag races. The races are open to the public, solicited by the owners through advertisements. Spectators and participants must pay entrance fees. A starting gate, control tower and con-

cession stand are located on the property in connection with its use as a race track. The landowners have also held a music concert and other public entertainment events at Harbor Woods, subject to admission charges.

Neshannock Township filed suit in equity primarily to enjoin the landowners from making a use of their property which is not permitted in an R-3 district under the local zoning ordinance. Section 500 of the ordinance declares that the purpose of designating an area as R-3 Residential Limited Use is:

(1) To preserve natural amenities; (2) to minimize erosion; (3) to protect the flood plain; (4) to preserve open space not readily adaptable to economic development; (5) to preserve surface drainage channels for unimpeded removal of storm water; and (6) to provide additional recreation space.

Section 501[1] of the ordinance lists the uses permitted in a R-3 district. Musguire argues that his use of

---

[1] Section 501 provides:

Uses Permitted.

A. Preservation of natural amenities.

B. Production of forest products, forest industries, mines or quarries and agricultural activity.

C. Public and private parks and recreation grounds.

D. Electric and telephone public utility transmission and distribution facilities including substations and water pumping stations.

E. Municipal buildings or uses.

F. Radio—Television transmission or receiving towers and facilities.

G. Single family detached dwellings; Lodges, vacation homes, or camps.

H. Camping areas.

I. Accessory buildings and uses customarily incidental to the above uses.

J. Permanent independent mobilehomes and Recreation Vehicle Parks.

the land is permitted by §501(c), which allows: "Public and private parks and recreation grounds." The ordinance does not define "recreation grounds." In construing that section, we must remember that "[t]he permissive widest use of the land is the rule and not the exception, unless specifically restrained in a valid and reasonable exercise of the police power." *Fidler v. Zoning Board of Adjustment*, 408 Pa. 260, 265, 182 A.2d 692, 695 (1962).

In *Appeal of Mt. Laurel Racing Association*, 73 Pa. Commonwealth Ct. 531, 458 A.2d 1043 (1983), the court reversed denial of a conditional use application for a harness racing facility in an M-2, Heavy Industrial district, construing broadly a section of the ordinance which permitted simply "recreation uses" in light of other sections permitting recreational uses in more restrictive terms. In *Bryson v. Oxford Motorcycle Club, Inc.*, 16 Pa. Commonwealth Ct. 229, 327 A.2d 880 (1974), where the court held a motocross track to be commercial and enjoined it, the local ordinance required that the recreational use be "non-commercial." In *Monroeville v. Effie's Ups and Downs*, 12 Pa. Commonwealth Ct. 279, 315 A.2d 342 (1974), the court held that a private snowmobile and trailmobile facility was permitted under an ordinance which specifically allowed nonprofit recreational use. In *Jones v. Zoning Hearing Board*, 7 Pa. Commonwealth Ct. 284, 298 A.2d 664 (1972), where the court granted a special exception for a nonprofit tennis club for members only, the local ordinance specifically permitted such clubs where the principal activity was not customarily carried on as a business. In *Ironstone Corp. v. Zoning Hearing Board*, 5 Pa. Commonwealth Ct. 420, 291 A.2d 310 (1972), the court did not permit snowmobile races on land in an industrial district because a local ordinance specifically prohibited racetracks. Therefore, con-

struing the ordinance language peculiar to Neshannock Township presents a question of first impression in the context of this residential district classification, the validity of which is unchallenged.

Neither party disputes the commercial nature of the motocross track. However, in the R-3 zone the zoning ordinance neither specifically permits nor denies a motocross or other commercial racetrack as such. In the context of the ordinance, "recreation grounds" appears to be synonymous with "park". With that connotation, "recreation ground" would not seem to apply, in ordinary parlance, to a commercial vehicular racetrack, particularly in light of the declared purposes of an R-3 zone enunciated in §500 of the ordinance.

Moreover, §1117[2] of the township ordinance requires a property owner to apply to the local zoning officer for a use permit where, as here, the use he proposes for the property is neither specifically permitted nor denied under the ordinance.

Therefore, we agree with the court of common pleas that, unless Musguire and his co-owners obtain a use permit under §1117, they may not use Harbor Woods as a motocross track or any other use not specifically permitted in an R-3 zone under the township ordinance.

Accordingly, we affirm.

---

[2] Section 1117 provides:

Uses not provided for.

Whenever in any district established under this Ordinance a use is neither specifically permitted or denied and an application is made by a property owner to the Zoning Officer for such use, the Zoning Officer shall refer the application to the Zoning Hearing Board which shall have the authority to permit the use or deny the use. The use may be permitted if it is similar to and compatible with permitted uses in the district and in no way is in conflict with the general purpose and intent of this ordinance.

ORDER

Now, December 3, 1984, the order of the Court of Common Pleas of Lawrence County, at Civil Division No. 21 of 1982, In Equity, dated September 29, 1983, is affirmed.