## Rabenold v. Zoning Hearing Board of Borough of Palmerton

C.P. of Carbon County, no. 95-1608.

*James G. Kellar,* for appellants.
*Gary F. Dobias,* for appellee
*Alfred S. Pierce,* for intervenors.

LAVELLE, *P.J.,* February 29, 1996—We are asked to decide in this case whether the Zoning Hearing Board of the Borough of Palmerton correctly permitted a crematory on the main street of the Borough of Palmerton next to Campton's Funeral Home, and if not, should the crematory facility, which is now in place, be permitted under a vested rights theory.

Intervenors, Arthur R. Schisler and Fannie A. Schisler currently own the property at 517-519 Delaware Avenue in the Borough of Palmerton as well as the adjoining Campton Funeral Home property at 525 Delaware. Fannie A. Schisler is also the sole shareholder of Campton's Funeral Home Inc., which operates the funeral business. These properties are located in a C-central business

commercial district pursuant to the Palmerton Borough Zoning Ordinance.

On June 14, 1994, Arfan Inc.[1] and Arthur R. Schisler applied to the Palmerton Zoning Officer for a building permit to construct on 517-519 Delaware Avenue two apartment units, two commercial units and an extension to the funeral home, which would include a crematory. On June 15, 1994, the zoning officer issued the building permit, and construction of the units and crematory facility began shortly thereafter. Almost one year later, on May 18, 1995, Ray Rabenold, Tam Realty Inc., Frank DePaulo, and Frank DePaulo Jr., appellants, all of whom own property in the vicinity of the funeral home, appealed to ZHB, from the issuance of the building permit.

At a hearing on June 21, 1995, ZHB heard numerous witnesses including Arthur R. Schisler, William Hoffman, the funeral director at Campton Funeral Home, and Ron Salvatore, a representative from the manufacturer of the incinerator unit.

On August 3, 1995, ZHB filed its written decision ruling: (1) that the appeal was timely and (2) that the Palmerton Zoning Code permitted a crematory in the C-central business commercial district. (Board decision —p. 14—IV Conclusions of law 2 and 3.) ZHB affirmed the issuance of the building permit by the zoning officer. Appellants now ask this court to reverse that decision.

## DISCUSSION

We begin by stating our scope of review on a zoning appeal. Where, as here, the court of common pleas has taken no additional evidence, we are limited to

---

1. Arthur R. Schisler and Fannie A. Schisler are the stockholders of Arfan Inc.

determining whether ZHB committed a manifest abuse of discretion or error of law. *Trettel v. Zoning Hearing Board of Harrison Township,* 540 Pa. 430, 658 A.2d 741 (1995); *Limley v. Zoning Hearing Board of Port Vue Borough,* 533 Pa. 340, 625 A.2d 54 (1993). We may conclude that ZHB abused its discretion only if its findings are not supported by substantial evidence in the record. 53 Pa.C.S. §11010 (1972). The Pennsylvania Supreme Court has interpreted "substantial evidence" to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983). Further, we may conclude that ZHB committed an error of law if it erroneously interpreted or misapplied the law to the facts of this case. *Highland Park Community Club of Pittsburgh v. Zoning Board of Adjustment of the City of Pittsburgh,* 82 Pa. Commw. 380, 475 A.2d 925 (1984). Further, whether a particular use is a permitted use or a permitted accessory use under the applicable zoning ordinance is a question of law:

"Whether a proposed use, as factually described in the application and the testimony, falls within a given categorization contained in the zoning regulations is a question of law, on which the zoning board's determination is subject to review." *Manor Healthcare v. Zoning Hearing Board,* 139 Pa. Commw. 206, 211, 590 A.2d 65, 68 (1991).

We shall now address the various contentions of the parties in the light of these legal principles.

I. *Timeliness of Appeal and Vested Rights Theory*

Intervenors contend that appellants failed to timely appeal the issuance of the permit to ZHB and that they

have a vested right to the building permit because the zoning officer issued it properly and they have built the crematory in reliance thereon. Unfortunately for the intervenors, the law does not permit them to raise these issues by simply intervening in this appeal.

Intervenors cannot maintain claims or defenses which were not in subordination to and in recognition of the propriety of the action filed by the neighboring landowners because intervenors enter the litigation after the issues have already been raised when they have an interest in the issues raised. Intervenors with claims that are not in subordination to the issues raised by the appellants have the option of filing a separate appeal. See generally, *Bannard v. New York State Natural Gas Corporation,* 404 Pa. 269, 280-81, 172 A.2d 306, 312-13 (1961) (not followed on other grounds in *Stair v. Commonwealth,* 28 Pa. Commw. 457, 368 A.2d 1347 (1977); *Sell v. Douglas Township Zoning Hearing Board,* 149 Pa. Commw. 425, 613 A.2d 162 (1992)). Since appellants raised neither of these issues in their appeal and intervenors have not filed a separate appeal to raise these issues, they are beyond the scope of our review powers.

## II. *Zoning Officer's Authority, To Issue Permit for Crematory*

Appellants contend that ZHB committed an error of law by failing to rule that the zoning officer did not have the authority to issue the permit for the crematory.

At the very outset of the ZHB hearing, Gary F. Dobias, Esquire, ZHB's solicitor, stated that the issues before ZHB were the timeliness of the appeal and whether the use sought in the permit application qualified as a permitted use under the borough's zoning ordinance.

Neither party objected nor added to his statement of the issues.

It is well-settled law in Pennsylvania that new issues or theories of relief may not be raised for the first time at the appellate level and therefore are waived. *813 Associates v. Springfield Township Zoning Hearing Board,* 84 Pa. Commw. 420, 479 A.2d 677 (1984).

Appellants did not question the authority of the zoning officer to issue the permit in its written appeal to ZHB, nor did it attempt to advance this issue at the ZHB hearing. This argument is, therefore, waived.

### III. *Whether a Crematory Is a Permitted Use Under Zoning Ordinance*

Appellants next contend that ZHB erred in ruling that a crematory: (1) is a "permitted use" under section 405.1(a) of the Palmerton Zoning Ordinance and (2) is a "use accessory to that of a funeral home."

Section 405 C—Central business commercial of the ordinance provides, in those parts relevant to our discussion, as follows:

"Section 405.1 Permitted uses

"(a) Retail stores, shops or service establishments for the conducting of any retail business or service except drive-in establishments;

"(b) Business, professional or government offices and office buildings;

"(c) Banks, savings and loan associations;

"(d) Hotels and motels;

"(e) Restaurant, cafes, taverns or other places serving food and beverages except drive-in establishments;

"(f) Theaters or motion picture theaters, except drive-ins;

"(g) Boarding houses, lodging houses or rooming houses pursuant to the provision of the borough housing code;

"(h) Conversion of an existing residential building to a greater number of dwelling units provided that a minimum lot area of 2,000 square feet per family is provided and parking requirements of section 507 are met;

"(i) Dwelling unit in combination with a commercial use provided that parking requirements of section 507 are met and that, in addition to the required minimum lot area for commercial use, an additional 2,000 square feet of lot area be provided for each dwelling unit;

"(j) Churches or similar places of worship."

Section 405.2 provides as follows:

"Section 405.2 Permitted accessory uses—Located on the same lot with the permitted principal use.

"(a) Private garage or private parking areas, off-street parking areas pursuant to the provisions of section 508.

"(b) Signs pursuant to the provisions of section 506.

"(c) Accessory uses and buildings."

In its decision, ZHB pointed out that section 405.1(a) of the Palmerton Zoning Ordinance permits a service establishment for the conducting of any retail *business or service* and then found as follows:

"It is the board's opinion that a funeral home is in fact such a business or service that would be allowed in the C-central business commercial district, pursuant to the Palmerton Zoning Ordinance (section 405.1). Furthermore, as testimony was elicited through Arthur Schisler, Ron Salvatore and William Hoffman at the June 21, 1995 hearing, a crematory is a natural and normal use and/or a use accessory to that of a funeral home. Accordingly, the board finds that a crematory

is a 'permitted use' in a C-central business commercial district." (Board's decision p. 14.)

ZHB does not set forth its rationale for its finding that a funeral home is a service establishment. Further, the statutory basis in the ordinance for ZHB's finding that a crematory is a "permitted use" is unclear. It seems to be applying section 405.2 to the record before it, but in its conclusion ZHB cites section 405.1. (Board decision—Conclusion of law 3.) Both sections cannot be applicable. It must be either one or the other.

After the board found that a funeral home was a service establishment, a permitted use under section 405.1(a), it appears to us that ZHB then went on to find that a crematory was a permitted accessory use in the C-central business commercial district under section 405.2(c) of the ordinance. Indeed, the language ZHB used in support of its finding is accessory use verbiage. ZHB's findings had to focus on whether the proposed crematory facility was a permitted accessory use under section 405.2. To do that, it had to determine whether a crematory fit within the definition of an "accessory use" as defined in section 201.4 of the ordinance. That section provides as follows:

"Section 201.4 Specific terms

"*Accessory use:* A use customarily incidental and subordinate to and located on the same lot occupied by the principal use to which it relates."

In *Klein v. Township of Lower Macungie,* 39 Pa. Commw. 81, 395 A.2d 609 (1978), the Commonwealth Court in passing on the propriety of allowing a tennis court next to a residence had occasion to interpret the meaning of "accessory use or building" in the Zoning Ordinance of Lower Macungie Township. The Macungie Ordinance, in language almost identical to that of

the Palmerton Ordinance, defined accessory use as follows:

"A subordinate use or building *customarily incidental to,* and located on the same lot occupied by the main use or building." *Id.* at 84, 395 A.2d at 610. (emphasis added)

In interpreting the words "customarily incidental," the *Klein* court reasoned that

"[t]he dispute appears to be centered about the phrase 'customarily incidental' to the main or permitted use. More specifically, a determination of the legislative intent would seem to be dependent on whether the word 'customarily' was intended to modify the adjective 'incidental' or the noun 'use.' Does this language refer to a use which is customary on residential properties or does it have reference to a use which, when present, is usually not the main use but incidental, secondary, or accessory to some other use? To phrase the question, of course, is to answer it. The ordinance uses the adverb 'customarily' and not the adjective 'customary.' Hence, the intent must have been to modify the adjective 'incidental' and *refer to uses which are usually incidental to a main use.* If the township had intended to permit only incidental uses which were customary, it would have allowed uses which are 'customary and incidental.'" *Id.* at 84, 395 A.2d at 610. (emphasis added)

In applying this interpretation, the court said that ZHB should look to whether a tennis court was *usually incidental* to residential use, not whether there were other homes in Lower Macungie Township with tennis courts.

In its decision, ZHB seemed to be applying the *Klein* interpretation of accessory use, but it did not say so. Further, in applying the *Klein* standard to the evidence before it, if indeed it did, ZHB failed to specifically

point to the testimony or the evidence in the record which supported its finding that a crematory was a "natural and normal use and/or use accessory to that of a funeral home." It is true that ZHB cited, in a general way, the testimony of Arthur Schisler, William Hoffman, the funeral director and supervisor of Campton Funeral Home, and Ron Salvatore, a representative from All Crematory Corporation, a company which manufactures and installs crematory incinerators. This is insufficient. In order for this court to properly and efficiently exercise its limited function of review, we must know what specific part of their testimony ZHB says supports its finding. See *Lando v. Springettsbury Township Zoning Board of Adjustment,* 4 Pa. Commw. 312, 286 A.2d 924 (1972).

Additionally, ZHB did not address the question raised at the hearing as to whether intervenors obtained a vested right to the permit under the five criteria adopted by the Pennsylvania Supreme Court in *Petrosky v. Zoning Hearing Board,* 485 Pa. 501, 402 A.2d 1385 (1979). ZHB has the duty to consider and decide all issues raised at its hearing. If there is an appeal of its decision, the reviewing court will then have the benefit of its views and rationale on all matters appealed.

On the present state of the record, we are unable to determine on what basis ZHB made its decision. If we made an independent review of the record to decide the propriety of the board's decision, we would be assuming the role delegated by law exclusively to the board.

For the foregoing reasons, this matter must be remanded to ZHB for the purpose of properly formulating specific findings of fact and conclusions of law to support the board's decision on upholding the grant of the building permit and to specifically address the issue

raised by intervenors as to whether they have a vested right to the building permit issued by the zoning officer.

Accordingly, we enter the following

## ORDER

And now, February 29, 1996, the decision of the Zoning Hearing Board of the Borough of Palmerton is hereby vacated and this case is remanded to the Zoning Hearing Board of the Borough of Palmerton with instructions that the board formulate specific findings of fact and conclusions of law to support its decision and to address the issue of whether Arthur R. Schisler and Fannie A. Schisler and Arfan Inc. have a vested right to building permit issued by the Palmerton Zoning Officer.

Jurisdiction relinquished.